UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JULIUS CLARK-WILLIS #726262, | Case No. 2:17-cv-00131 |
| Plaintiff, | Hon. Robert J. Jonker<br>U.S. District Judge |
| v. | |
| STEVE ADAMSON, | |
| Defendant. | |
| _____/ | |

## REPORT AND RECOMMENDATION

### I.   Introduction

State prisoner Julius Clark-Willis filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 31, 2017. (ECF No. 1, PageID.1.) Clark-Willis's claims relate to the availability of a religious diet. In his complaint, Clark-Willis stated that he was suing all named Defendants in their official capacities. (*Id.*, PageID.2-3.)

The remaining Defendant is Special Activities Coordinator Steve Adamson.

This report and recommendation addresses three motions:

(1) Clark-Willis's motion to amend his complaint (ECF No. 51, PageID.421),

(2) Adamson's motion to dismiss (ECF No. 55, PageID.434), and

(3) Clark-Willis's motion requesting oral arguments regarding Adamson's motion to dismiss (ECF No. 65, PageID.522).

Although this case was originally filed in July 2017, Plaintiff's motion to amend and Defendant's motion to dismiss were both filed in October 2019. On October 15,

1

2019, Clark-Willis filed a motion requesting leave to amend his complaint. He asserted that he wishes to sue Adamson in his individual capacity rather than in his official capacity. Then, on October 29, 2019, Adamson filed a motion to dismiss Clark-Willis's original complaint because Clark-Willis sued Adamson in his official capacity. In addition, on the same day, Adamson responded to Clark-Willis's motion to amend. (ECF No. 57, PageID.470.) Adamson argued that the motion to amend should be denied (1) because Clark-Willis failed to seek concurrence prior to filing his motion, (2) because Clark-Willis failed to properly exhaust his claims prior to initiating this action, thus making the amendment futile, and (3) because Clark-Willis's claim is barred by the doctrine of sovereign immunity even if the Court grants the motion to amend the complaint.

The undersigned respectfully recommends that the Court (1) grant Clark-Willis's motion to amend or correct his complaint, (2) deny or strike Adamson's motion to dismiss, and (3) deny Clark-Willis's motion requesting oral argument as moot.

## II. Additional Relevant Procedural History

In his original complaint, Clark-Willis filed suit against the Michigan Department of Corrections (MDOC) and seven MDOC employees. He stated that he was suing the seven MDOC employees in their official capacities. (ECF No. 1, PageID.2-3.)

On February 27, 2018, the Court issued its screening opinion and order, thereby dismissing the MDOC and six and the seven named MDOC employees

because Clark-Willis failed to state claims against them. (ECF. No. 16, PageID.98; ECF No. 17, PageID.104.) Thus, Adamson remained as the sole Defendant.

On May 8, 2018, the Court issued a case management order (CMO) that ordered (1) discovery to be closed 120 days after the issuance of the CMO, (2) summary judgment motions to be filed within 28 days after the close of discovery, and (3) an initial trial date after the 28-day period for summary judgment motions. (ECF No. 23, PageID.144.)

On July 20, 2018, Clark-Willis filed a motion to amend or correct his complaint. (ECF No. 26, PageID.148.) He sought to add (1) various First Amendment free-exercise claims against Special Activities Coordinator David Leach, Staff Member J. Sanford, and three other MDOC employees, and (2) First Amendment access-to-the-courts claims against several other MDOC employees.

On September 19, 2018, Clark-Willis filed a motion to request an extension of time to amend his complaint. (ECF No.28, PageID.162.)

On October 3, 2018, Adamson filed a motion for summary judgment. (ECF No. 29, PageID.285.) He argued that Clark-Willis's claim is barred by the doctrine of qualified immunity.

On October 22, 2018, the Court issued an order denying Clark-Willis's motions to amend or correct his complaint and for an extension to amend or correct his complaint. (ECF No. 30, PageID.314.) The Court reasoned that Clark-Willis's claim was a "straight forward issue," discovery had closed, and that further discovery would unnecessarily delay the case.

3

On September 24, 2019, the undersigned issued a report and recommendation that recommended denial of Adamson's motion for summary judgment. (ECF No. 47, PageID.402.) In a footnote, the undersigned noted (1) that the Adamson may be entitled to Eleventh Amendment immunity for the claims seeking monetary damages in Adamson's official capacity and (2) that Adamson failed to raise the Eleventh Amendment issue. (*Id.*, PageID.404.)

As noted in the Introduction, on October 15, 2019, Clark-Willis filed a motion to amend his complaint. The sole amendment was to change the capacity in which Clark-Willis was suing Adamson to individual capacity.

On October 16, 2019, the Court approved and adopted the undersigned's report and recommendation, thus denying Adamson's motion for summary judgment. (ECF No. 53, PageID.432.)

On October 29, 2019, Adamson filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(c) because Clark-Willis's suit was against Adamson in his official capacity and only requested monetary damages. (ECF No. 55, PageID.434.) That same day, Adamson responded to Clark-Willis's motion to amend his complaint. (ECF No. 57, PageID.470.) He argued that the proposed amendment was futile.

On December 4, 2019, Clark-Willis replied in support of his motion to amend his complaint. (ECF No. 60, PageID.484.) He argued that amending his complaint would not be futile. On the same day, Clark-Willis responded to Adamson's motion to dismiss. (ECF No. 61, PageID.487.) Clark-Willis argued that his complaint must

4

be construed in a light most favorable to him and that there are sufficient factual allegations to establish a viable claim.

On December 11, 2019, Adamson replied regarding his motion to dismiss. (ECF No. 62, PageID.491.) Adamson argued (1) that permitting an inmate to abstain from food for religious reasons is different from providing an inmate a vegan option, (2) that it is permissible for prison officials to review store purchases when deciding whether a prisoner's religious meal request should be granted, (3) that he had not waived his opportunity to file this motion when he failed to object to the Court's order regarding his summary judgment motion, and (4) that he (Adamson) did not mislead the Court regarding Clark-Willis's complaint.

On December 19, 2019, Clark-Willis filed a motion to compel discovery. (ECF No. 63, PageID.511.) Adamson responded to the motion on December 30, 2019. (ECF No. 64, PageID.515.)

On January 8, 2020, Clark-Willis filed a motion requesting oral argument to resolve Adamson's motion to dismiss. (ECF No. 65, PageID.522.)

On March 18, 2020, the Court denied Clark-Willis's motion to compel discovery. (ECF No. 66, PageID.524.) The Court held that discovery had been closed for over a year, and that Clark-Willis failed to provide a reason why discovery should be reopened.

### III. Clark-Willis's Motion to Amend or Correct his Complaint

It is important to note that the Court's decision on Clark-Willis's motion to amend or correct his complaint may have a dispositive effect on this action. Adamson

based his motion to dismiss on Clark-Willis's original complaint – arguing that the original complaint should be dismissed because Adamson was sued in his official capacity and Clark-Willis only requested monetary damages. (ECF No. 55, PageID.434.) But Clark-Willis seeks to avoid this problem by amending or correcting his complaint to sue Adamson in his individual or personal capacity.[1] (ECF No. 51, PageID.421.) In his response to the motion to amend, Adamson argues that the motion to amend should be denied (1) because Clark-Willis failed to seek concurrence prior to filing his motion, (2) because Clark-Willis failed to properly exhaust his claims prior to initiating this action and, (3) because Clark-Willis's claim is barred by sovereign immunity even if the Court grants the motion to amend the complaint.

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). The court may deny leave to amend a complaint where the amendment is brought in bad faith, will result in undue delay or prejudice to the opposing party, or is futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1354 (1996). The court must have knowledge

---

[1] Clark-Willis has not included a proposed amended complaint with his motion. The Court interprets his motion as a request to change the high-lighted word shown below from official to personal.

> Name of Defendant #3 **Steve Adamson**
> Position or Title **Special Activities Coordinator**
> Place of Employment **Michigan Department of Corrections (The CFA)**
> Address **Do Not Know/Have**
> Official and/or personal capacity? **Official**

(ECF No. 1, PageID.2.)

6

of the substance of the proposed amendment to determine whether "justice so requires" an amendment. *Roskam Baking Co v. Lanham Machinery*, 288 F.3d 895, 906 (6th Cir. 2002). The court does not abuse its discretion by denying an amendment where the plaintiff has failed to submit a proposed amended complaint. *Id.* Where discovery was closed, and the plaintiff requested to add new causes of action and new parties, without explanation for the delay in bringing the motion to amend the complaint, it was not an abuse of discretion to deny the plaintiff's motion to amend. *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992).

Here, there is no indication that Clark-Willis's motion to amend is made in bad faith. Indeed, the issue of Eleventh Amendment immunity seems to have escaped both parties until the undersigned mentioned its possible applicability in a footnote in an earlier report and recommendation. (ECF No. 47, PageID.404.)

The Court is concerned about delay. Clark-Willis filed this action almost three years ago. In addition, discovery has been closed for more than a year. Furthermore, Clark-Willis previously filed a motion to amend (which was denied) and did not include a request to change his claim against Adamson from official to personal capacity. And Clark-Willis fails to explain his tardiness. The undersigned, however, recognizes that the Sixth Circuit has held that:

> "Delay alone, however, does not justify the denial of leave to amend. Rather, the party opposing a motion to amend must make some significant showing of prejudice to prevail. 'Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading.'"

7

*Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 561 (6th Cir.1986)). Adamson failed to argue that the delay of the proposed amended complaint would prejudice him. Accordingly, the undersigned does not conclude that the extensive delay here caused prejudice to Adamson.

Adamson, instead, argues that Clark-Willis's motion to amend should be denied (1) because Clark-Willis failed to seek concurrence prior to filing his motion, (2) because Clark-Willis failed to properly exhaust his claims prior to initiating this action, thus making the action is futile, and (3) because Clark-Willis's claim is barred by sovereign immunity even if the Court grants the motion to amend the complaint. These arguments, however, do not lead the undersigned to conclude that denial of the motion to amend is warranted.

First, pursuant to this Court's Local Civil Rules, Clark-Willis should have attempted to notified the Court of his attempt to contact counsel for Defendant regarding the contemplated motion, and counsel's position on the motion. W.D. LCivR 7.1(d). As Adamson correctly notes, Clark-Willis has not complied with this requirement. The Court recognizes that Cark-Willis is incarcerated and faces limitations on his ability to contact people outside of the prison. The undersigned is unwilling to deny the motion to amend due to Clark-Willis's failure to comply with this requirement.

Second, Defendant's futility argument misses the point. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to

8

dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Here, Defendant asserts that Clark-Willis's case is futile because he failed to exhaust his administrative remedies. Clark-Willis's action may be futile because he has not exhausted his remedies. But his proposed amendment appears to overcome an issue that might well have led to dismissal. Thus, his proposed amendment is not futile.

Defendant's sovereign immunity argument also misses the mark. The Supreme Court has held "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

> A suit against a state official in his or her official capacity for damages cannot be maintained pursuant to § 1983 because that official has Eleventh Amendment immunity. This is true because "a suit against a state official in her or her official capacity is not a suit against the official but rather is a suit against the official's office." As such, a suit against a state official in his or her official capacity is no different than a suit against the state.

*Clark v. Chillicothe Corr. Inst.*, No. 2:19-CV-954, 2020 WL 1227224, at *3 (S.D. Ohio Mar. 13, 2020) (citations omitted).

The Sixth Circuit, in interpreting *Will*, has held "that plaintiffs seeking damages under § 1983 [must] set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials. *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989). Here, Clark-Willis proposes to amend his complaint in order to avoid a motion to dismiss based on sovereign immunity. In doing so, Clark-Willis asserts that Adamson personally and individually took unconstitutional actions against him. Thus, if

Clark-Willis's motion to amend his complaint is granted, Defendant Adamson will not be able to assert a defense of sovereign immunity.

The only reason to deny Clark-Willis's motion to amend is undue delay causing prejudice to Defendant. But Defendant Adamson has not made that argument. Thus, the undersigned respectfully recommends that the Court grant the motion to amend or correct Clark-Willis's complaint.

### IV. Adamson's Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(c), Adamson moved to dismiss this action because Clark-Willis's remaining claim – as presented in Clark-Willis's original complaint – is barred by the Eleventh Amendment. (ECF No. 55, PageID.434.) However, as explained above, the undersigned recommends that the Court grant Clark-Willis's motion to amend his complaint. If Clark-Willis's motion is granted, his suit would then be against Adamson in Adamson's individual capacity. Suits brought under Section 1983 against defendants in their individual capacities are not entitled to Eleventh Amendment immunity protections. *Hafer v. Melo*, 502 U.S. 21, 25-26 (1991). As such, the undersigned recommends that the Court deny Adamson's motion to dismiss.

### V. Clark-Willis's Motion Requesting Oral Argument on the Motion to Dismiss

Because the undersigned recommends that the Court deny Adamson's motion to dismiss, the undersigned recommends that the Court deny Clark-Willis's motion requesting oral argument as moot.

10

## VI. Recommendation

The undersigned respectfully recommends that the Court:

(1) grant Clark-Willis's motion to amend his complaint (ECF No. 51, PageID.421),

(2) deny Adamson's motion to dismiss (ECF No. 55, PageID.434), and

(3) deny Clark-Willis's motion requesting oral arguments regarding Adamson's motion to dismiss (ECF No. 65, PageID.522).

If the Court adopts this recommendation, the Clark-Willis's First Amendment free exercise claim will remain.


Dated:   March 30, 2020                                  /s/ *Maarten Vermaat*
                                                        MAARTEN VERMAAT
                                                        U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).